IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDDIE N. GRAY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.; MORRIS,<br>HARDWICK, SCHNEIDER, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION<br>)　FILE NO. 1:12-CV-3287<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANT MORRIS HARDWICK SCHNEIDER, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Plaintiff, by and through the undersigned counsel, and hereby responds to Defendant Morris Hardwick Schneider, LLC's (hereinafter referenced as "MHS") Motion for Judgment on the Pleadings in the above-styled matter, respectfully showing the Court as follows:

On August 2, 2013, MHS moved for judgment on the pleadings alleging that Plaintiff's Complaint failed to state claims for attempted wrongful foreclosure and the violation of the Fair Debt Collection Practices Act ("FDCPA") for which relief may be granted. While MHS's motion is well-founded in some respects, it fails to address other aspects of Plaintiff's

Complaint which constitute a plausible basis for relief and, as such, the Motion for Judgment on the Pleadings should be denied.

MHS's Motion focuses on Plaintiff's claim, in reliance upon *Reese v. Provident Funding Assocs., LLP,* that the applicable foreclosure notice was faulty in that it failed to properly identify the secured creditor. MHS is correct that this decision has been superseded by the Georgia Supreme Court's decision in *You v. JP Morgan Chase Bank, et al.,* 293 Ga. 67 (2013) and that any such claims by Plaintiff in this case should be dismissed. However, MHS does not address Plaintiff's assertions that the assignments pursuant to which Defendant Citimortgage, Inc. (hereinafter referenced as "Citimortgage") purported to have acquired standing to foreclose were insufficient to transfer interest in the Property and to, therefore, convey such standing. Accordingly, contrary to MHS's contention, there is sufficient evidence of the improper and/or inadequate assignment of interest in the Property to preclude the granting of its Motion for Judgment on the Pleadings and Georgia law continues to allow the maintenance of a cognizable wrongful foreclosure claim in circumstances such as Plaintiff's

The appropriate standard of review with regard to a motion to dismiss is whether the complaint in question states a plausible claim for relief. *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), *James River Ins. Co. v. Ground*

*Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008).  The Court must

accept the facts set forth within the Complaint as true and consider them in

the light most favorable to the non-moving party.  *Hawthorne v. Mac Adj.*,

*Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).   Here, it is certainly plausible

that Plaintiff may be able to maintain his claim of attempted wrongful

foreclosure as he referenced documents in the Complaint (and attached them

thereto) that potentially demonstrate that, as alleged by Plaintiff,

Citimortgage may have lacked interest in the Property at the time of the

foreclosure notice sufficient to provide standing to foreclose.

The *You* case cited by MHS as conclusively establishing that its

motion should be granted and which is admittedly dispositive of the claim

that the foreclosure notice was faulty does not address whether a borrower

has the right to contest the attempted foreclosure of property by a party

without standing to do so.  As there is a plausible question as to whether or

not interest in the Property was properly conveyed to Citimortgage, any

judgment on the pleadings should be denied and the parties should be

allowed to take discovery as to such issues.

Similarly, Plaintiff's FDCPA claim is not premised solely upon the

allegation that MHS made "various false representations" by which Plaintiff

presumably intended to reference the claim that has been dispositively

3

addressed by the *You* decision – that the foreclosure notice was faulty.
Rather, insofar as there is a plausible claim for relief for attempted wrongful
foreclosure based upon the adequacy of the assignments by which the
interest in the Property was purportedly acquired by Citimortgage, Plaintiff's
FDCPA claim, as derivative thereof, is plausible, as well.  As such, Plaintiff
has raised a sufficient basis for a claim to allow discovery in this case and to
warrant the denial of MHS's motion as to the FDCPA claim.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully
requests that the Court deny Defendant MHS's Motion for Judgment on the
Pleadings.

Respectfully submitted this 16th day of August, 2013.


/S/David A. Cox
David A. Cox
Georgia Bar No. 192381

3423 Piedmont Road, NE
Suite 325
Atlanta, Georgia 30305
404-848-8086 Tel
404-848-8089 Fax
dacox@dacoxlaw.com

## LOCAL RULE 5.1 CERTIFICATION

I certify that this pleading was prepared in Times New Roman (14 point) font, a font and point selection approved by L.R. 5.1.

This 16th day of August, 2013.

/S/ David A. Cox

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Plaintiff's Response to Defendant MHS's Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Wm. Matthew Suber, Esq.
Morris Hardwick Schneider, LLC
1303 Hightower Trail, Suite 315
Sandy Springs, GA 30350

Ashley Kent Fox, Esq.
Burr & Forman, LLP
171 Seventeenth Street, Suite 1100
Atlanta, GA 30363

/S/David A. Cox
David A. Cox
Georgia Bar No. 192381

3423 Piedmont Road, NE, Suite 325
Atlanta, Georgia 30305
404-848-8086 Tel
404-848-8089 Fax
dacox@dacoxlaw.com